MORGAN, LEWIS & BOCKIUS LLP
Carrie A. Gonell, Bar No. 257163
Sarah J. Allen, Bar No. 306286
carrie.gonell@morganlewis.com
sarah.allen@morganlewis.com
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Tel: +1.714.830.0600
Fax: +1.714.830.0700

Attorneys for Defendant
JPMORGAN CHASE BANK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA BORGARDING, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>JPMORGAN CHASE BANK, a business entity, exact from unknown, and DOES 1-100, Inclusive,<br><br>            Defendants. | CASE NO.: 2:16-CV-2485<br><br>[Case No. NC060446]<br><br>**DEFENDANT JPMORGAN CHASE BANK'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1331, 1332(a), 1367, 1441, 1446] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 87148301.3

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332(a), 1367(a), 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") removes the above-entitled action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. Removal is based on the following grounds:

## I. PLEADINGS, PROCESS, AND ORDERS

In March 9, 2016, Plaintiff Alexandra Borgarding ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled *Alexandra Borgarding v. JPMorgan Chase Bank, and Does 1-100,* Case No. NC060446 ("Complaint").

Plaintiff served the Complaint on Chase on March 11, 2016. True and correct copies of the Summons, Complaint, and all documents served with the Complaint are attached as **Exhibit A**.

On April 11, 2016, Chase filed and served its Answer to the Complaint in Los Angeles County Superior Court. A true and correct copy of the Answer is attached as **Exhibit B**.

**Exhibits A and B** constitute all the pleadings, process, and orders served upon or by Chase, or filed, in the Superior Court action.

The Complaint seeks to recover compensatory damages, back pay including bonuses and fringe benefits, front salary including benefits accrued, interest, attorneys' fees and costs, punitive and exemplary damages, and declaratory and injunctive relief, and "such other and further relief that the court deems just and proper" based on the following four causes of action: (1) retaliation and discrimination in violation of the Family and Medical Leave Act ("FMLA"); (2) discrimination in violation of the California Fair Employment and Housing Act

("FEHA"); (3) unlawful discrimination and discharge on the basis of race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. section 1981; and (4) unlawful discrimination in violation of the Americans with Disability Act Amendments Act of 2008 ("ADAAA").

## II. THE REMOVAL IS TIMELY

This Notice of Removal is timely, pursuant to 28 U.S.C. section 1446(b), because it is filed within 30 days of Plaintiff's service of the Summons and Complaint on Chase.

No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

### A. This Court has Federal Question Jurisdiction Under 28. U.S.C. § 1331.

This action is one over which this Court has original jurisdiction under 28 U.S.C. section 1331 and is one which may be removed pursuant to 28 U.S.C. section 1441(a).

Federal question jurisdiction exists under Section 1331 where the Complaint asserts a claim "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393-94 (9th Cir. 1988). "When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court." *Ethridge,* 861 F.2d at 1394. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded" complaint rule, which provides that federal jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 1394.

Here, on the face of her Complaint, Plaintiff explicitly alleges violations of and seeks remedies pursuant to the FMLA, Title VII of the Civil Rights Act, 42 U.S.C. section 1981 and the ADAAA. (Exh. A, Compl., ¶¶ 1, 36, 46, 52). Because

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 87148301.3

2

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

claims arising under these federal statutes confer federal question jurisdiction, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1331. *See, e.g., Amante v. VWR Int'l, LLC*, No. C-13-CV-03206-JSC, 2013 WL 5187075, at *1 (N.D. Cal. Sept. 16, 2013) ("Because Plaintiff concedes that her Complaint alleges a federal claim – violation of 29 C.F.R. Section 825.100, the Family and Medical Leave Act ('FMLA') – removal was proper under 28 U.S.C. Section 1331, which confers original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiff's state law claims arise out of the same case or controversy as her federal claims because all such claims relate to the events surrounding her employment termination, which Plaintiff claims occurred because she was disabled and in retaliation for exercising her FMLA rights. Therefore, pursuant to 28 U.S.C. section 1367(a), this Court may properly exercise supplemental jurisdiction over Plaintiff's state law claims. The removal of this civil action is therefore proper under 28 U.S.C. section 1441(a) because this is a civil action brought in state court over which the district courts of the United States have original jurisdiction, and this District Court embraces the place in which the state action is pending.

**B.     This Court has Diversity Jurisdiction Under 28 U.S.C. § 1332(a).**

This action is one over which this Court also has original jurisdiction under 28 U.S.C. section 1332(a) (diversity jurisdiction) and is one that Chase may remove pursuant to 28 U.S.C. section 1441(b). Specifically, as discussed in detail below, this is a civil action between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**1.     Complete Diversity of Citizenship Exists.**

A case may be heard in federal court under diversity jurisdiction if complete diversity exists between the parties (*i.e.*, all plaintiffs are diverse from all defendants). 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. section 1332(a) provided no defendant is a citizen of the state

in which the action was brought or of the same state in which the plaintiff is a citizen. 28 U.S.C. § 1441(a), (b).

Here, all requirements are met because Chase is a citizen of Ohio and Plaintiff is a citizen of California.

### a. Chase is a Citizen of Ohio.

For diversity purposes, a national bank is considered a citizen of the state in which its main office is located. *See Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 307 (2006) (holding that national banks are "located," for diversity jurisdiction purposes, in the state designated in its articles of incorporation as the locus of its main office); *Rouse v. Wachovia Mort., FSB,* 747 F.3d 707 (9th Cir. 2014); 28 U.S.C. §§ 1332, 1348.

Defendant JP Morgan Chase Bank, N.A. is, and at all times pertinent was, a federally chartered national bank with Columbus, Ohio designated in its articles of association designated in its articles of association as the locus of its main office. *See* **Exhibit C**, Articles of Association for JPMorgan Chase Bank, National Association (as Amended June 30, 2008).

Thus, for purposes of diversity jurisdiction in this matter, Chase is a citizen of Ohio, and not of California.

### b. Plaintiff is a Citizen of California.

Plaintiff is, and was at the time she filed the Complaint, a citizen of the State of California. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

The Complaint alleges that Plaintiff resides "in the City of San Pedro, State

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 87148301.3

4

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

of California." (Exh. A, Compl. ¶ 2.) The Complaint also alleges that "the incident which resulted in injury to Plaintiff" occurred in California. (Exh. A, Compl. ¶ 8.) On information and belief, Plaintiff intends to remain indefinitely in California. Accordingly, Plaintiff was and is domiciled in the State of California and, therefore, is a citizen of California for purposes of removal.

    c. Doe Defendants Have No Effect on Removal.

The Complaint also names as defendants Does 1-100. (Exh. A, Compl. ¶ 6.) The citizenship of fictitious "Doe" defendants, however, is disregarded for removal purposes. 28 U.S.C. § 1441(a); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

Based on the Complaint, complete diversity exists between the parties because Chase is a citizen of Ohio and Plaintiff is a citizen of California.

**2. The Amount in Controversy Exceeds $75,000.**

Removal is proper if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 574 U.S. __ (2014); *see also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015) (applying *Dart* outside of the context of the Class Action Fairness Act).

In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (denying plaintiff's motion for remand). This burden "is not 'daunting,' as courts recognize that under this standard, a removing

defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn*, 536 F. Supp. at 1204-05. Similarly, a removal notice "need not contain evidentiary submissions." *Dart*, 135 S. Ct. at 551.

Further, in determining whether the jurisdictional minimum is met, courts consider all alleged recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees, but excluding interest and costs. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

Although Chase denies Plaintiff's factual allegations and denies that she is entitled to the relief for which she has prayed, Plaintiff's allegations plausibly put into controversy an amount that exceeds the $75,000 threshold:

Plaintiff's annual salary when her employment with Chase ended in January 2014 was $42,730. (Declaration of Elizabeth Fehmel In Support of Defendant JPMorgan Chase Bank's Notice of Removal, ¶ 4.) Plaintiff seeks back pay from her termination in January 2014 to present, claiming that "[i]f Defendant had not discriminated, retaliated, harassed and terminated Borgarding, she would have received her regular salary, bonuses and other additional benefits." (Exh. A, Compl. ¶ 28 & Prayer for Relief.) Back pay is available as an equitable remedy, and provided as a remedy under Title VII. 42 U.S.C. § 2000e-5(g)(1). Thus, because the Court assumes that these allegations are true and that the jury will return a verdict for Plaintiff on her claims, the Complaint places at least $92,582, or 2 years and 2 months of back pay, in controversy.

Further, the Complaint seeks several additional types of recovery, including front pay, attorneys' fees, exemplary and punitive damages, and emotional distress-related damages. (Exh. A, Compl. ¶¶ 27-28, 30-31, 37, 43, 48, 53 & Prayer for Relief.) Although Chase expressly denies Plaintiff's factual allegations and

ATTORNEYS AT LAW
COSTA MESA

DB1/ 87148301.3

6

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

expressly denies any liability to Plaintiff, Plaintiff's allegations and prayer for relief have put into controversy an amount that easily exceeds the $75,000 threshold.

### C. The Other Prerequisites for Removal are Satisfied.

Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c). This action was brought originally in Los Angeles County Superior Court, and Plaintiff resides in Los Angeles County. (Exh. A, Compl. ¶ 2.) Therefore, this is the appropriate court for removal.

As required under 28 U.S.C. section 1446(d), Chase promptly will serve Plaintiff with this Notice of Removal and promptly will file a copy of this Notice of Removal with the Clerk of the Los Angeles County Superior Court.

## IV. CONCLUSION

If any question arises as to the propriety of the removal of this action, Chase requests the opportunity to present a brief in support of its position that this case is removable.

Based on the foregoing, Chase respectfully requests that this action be removed from Los Angeles County Superior Court to the United States District Court for the Central District of California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California.

Dated: April 11, 2016           MORGAN, LEWIS & BOCKIUS LLP


By /s/ Carrie A. Gonell
　　Carrie A. Gonell
　　Sarah J. Allen
　　Attorneys for Defendant
　　JPMORGAN CHASE BANK

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB1/ 87148301.3

7

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

## PROOF OF SERVICE BY ELECTRONIC AND U.S. MAIL

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626-7653.

On April 11, 2016, I served a copy of the within documents:

1. **DEFENDANT JPMORGAN CHASE BANK'S NOTICE OF REMOVAL TO FEDERAL COURT**

2. **DECLARATION OF ELIZABETH FEHMEL IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK'S NOTICE OF REMOVAL TO FEDERAL COURT**

3. **CIVIL COVER SHEET**

4. **DEFENDANT JPMORGAN CHASE BANK'S NOTICE OF RELATED CASES**

5. **DEFENDANT JPMORGAN CHASE BANK'S DISCLOSURE STATEMENTS**

6. **DEFENDANT JPMORGAN CHASE BANK'S NOTICE OF INTERESTED PARTIES**

7. **PROOF OF SERVICE**

by placing with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the documents in a sealed envelope, posted fully paid, addressed as follows:

China M. Robinson
Law Office of China M. Robinson
10900 East 183rd, Suite 130
Cerritos, CA 90703

Oliver O. Olumba
Law Office of Oliver O. Olumba
10900 East 183rd, Suite 130
Cerritos, CA 90703

Executed on April 11, 2016, at Costa Mesa, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Judy Padilla*
Judy Padilla

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB1/ 87149627.1

1     PROOF OF SERVICE