UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:          Attorney Present for Defendant:

None Present                                            None Present

**Proceedings:**     (In Chambers) Order Re: Motion to Compel Arbitration

Having reviewed and considered all the briefing filed with respect to defendant JPMorgan Chase Bank's Motion to Compel Arbitration (Dkt. 17, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and orders as follows.

**INTRODUCTION**

On March 9, 2016, plaintiff Alexandra Borgarding ("plaintiff" or "Borgarding") filed a First Amended Complaint (Dkt. 1-1, "FAC") in the Los Angeles County Superior Court, asserting claims for: (1) disability discrimination and retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.; (2) disability discrimination in violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12900, et seq.; (3) race discrimination and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; and (4) disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (See Dkt. 1-1, FAC at ¶¶ 32-54). Defendant JPMorgan Chase Bank ("defendant" or "JPMorgan") removed the action to this court on April 11, 2016. (See Dkt. 1, Notice of Removal at 1).

**BACKGROUND**

In May 2011, Borgarding was hired as a Personal Banker by JPMorgan. (See Dkt. 1-1, FAC at ¶ 11). Borgarding signed two employment agreements each containing an arbitration agreement called the Binding Arbitration Agreement ("BAA") on April 24, 2011, and June 2, 2011.[1]

---

[1] The parties do not dispute that the BAA provisions in the two employment agreements are identical and do not distinguish between them in their briefs. (See, generally, Dkt. 17-1, Defendant's Memorandum in Support of Motion to Compel Arbitration; Dkt. 18, Opposition to Motion to [] Compel Arbitration [] ("Opp."); compare Dkt. 17-3, Cox Decl. at ECF 6-10 (agreement signed on April 24, 2011) with id. at ECF 14-19 (agreement signed on June 2, 2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

(See Dkt. 17-3, Declaration of Michele Cox in Support of Defendant's Motion to Compel Arbitration ("Cox Decl.") at ¶ 3; id. at Exh. A, ECF 4-10 (agreement signed on April 24, 2011) & ECF 11-19 (agreement signed on June 2, 2011)).

Borgarding was diagnosed with Fibromyalgia at some point in 2012, and first requested leave under the FMLA in November of 2012. (See Dkt. 1-1, FAC at ¶ 12). Plaintiff submitted yearly FMLA Medical Certification Forms and JPMorgan approved plaintiff's requests for intermittent leave on an annual basis. (See id.). In June 2012, a new manager, Jessica Tourney ("Tourney"), was assigned to supervise Borgarding. (See id. at ¶ 13). Tourney asked Borgarding when she would be returning to work and complained about how difficult it was to cover for Borgarding while she was out on FMLA leave. (See id.).

From October 13, 2013, through October 31, 2013, Borgarding worked at JPMorgan's branch in North Torrance. (See Dkt. 1-1, FAC at ¶ 15). The branch did not have an Assistant Branch Manager; instead, it only had a Branch Manager Trainee, who looked to Borgarding for leadership. (See id.). Borgarding claims that she was forced to assume the responsibilities of the Assistant Branch Manager without any additional compensation. (See id.).

Between December 16, 2013, and December 20, 2013, Borgarding "called out sick due to severe pain from her disabilities[,]" (see Dkt. 1-1, FAC at ¶ 16), but her District Manager, Melissa Costillo ("Costillo"), repeatedly asked her when she would be coming back to work. (See id. at ¶ 17). Although she was still ill, Borgarding returned to work on December 21, 2013, at JPMorgan's Pacific Coast Highway and Crenshaw Branch ("PCH branch"). (See id. at ¶ 18).

On December 23, 2013, plaintiff was the lone manager at the PCH branch, with only two tellers. (See Dkt. 1-1, FAC at ¶ 19). Because the PCH branch was understaffed, plaintiff went into the branch vault with one of the other tellers because JPMorgan requires two employees to be in the vault at the same time to avoid possible errors. (See id. at ¶¶ 19-20). Nonetheless, Borgarding inadvertently failed to log $300 in the form of 300 one-dollar bills. (See id. at ¶ 20). Later that day, Borgarding went into the branch vault with another teller and noticed that there was a discrepancy. (See id. at ¶ 21). She asked the other teller if the $300 had previously been logged, but the teller did not respond. (See id.) Thinking that the $300 had been correctly logged, plaintiff wrote the $300 "down with the Buy/Sell tickets[.]" (See id.).

On January 15, 2014, Borgarding was working at JPMorgan's San Pedro branch when she was questioned by Costillo regarding the $300 discrepancy from December 21, 2013. (See Dkt. 1-1, FAC at ¶ 23). Two weeks later, on January 28, 2014, Borgarding was terminated for violating JPMorgan's Code of Conduct. (See id. at ¶ 24). Borgarding claims that, although the other tellers were equally responsible for the error, JPMorgan did not discipline them, (see id. at ¶¶ 22-25), and that her termination for purportedly violating the Code of Conduct was merely a pretext for retaliating against her for using FMLA leave and discriminating against her on the basis of disability and race. (See id. at ¶¶ 26, 41 & 46).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

**LEGAL STANDARD**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects "both a liberal federal policy favoring arbitration[] and the fundamental principle that arbitration is a matter of contract[.]" AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339, 131 S.Ct. 1740, 1745 (2011) (citations and internal quotation marks omitted). "The basic role for courts under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Kilgore v. KeyBank, Nat'l Ass'n, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (internal quotation marks omitted). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).

The FAA "calls on courts to 'rigorously enforce agreements to arbitrate.'" Samson v. NAMA Holdings, LLC, 637 F.3d 915, 923 (9th Cir. 2010) (quoting Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221, 105 S.Ct. 1238, 1242 (1985)). It creates "a body of federal substantive law of arbitrability," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941 (1983), which "preempts contrary state law." Mortensen v. Bresnan Commc'ns, LLC, 722 F.3d 1151, 1158 (9th Cir. 2013). "[E]ven generally applicable state-law rules are preempted if in practice they have a 'disproportionate impact' on arbitration or 'interfere[] with fundamental attributes of arbitration and thus create [] a scheme inconsistent with the FAA.'" Id. at 1159 (quoting Concepcion, 563 U.S. at 342-44, 131 S.Ct. at 1747-48). Thus, when a case arises under the FAA, "the issue of whether [a c]ontract constitute[s] a binding agreement is governed by federal common law[.]" Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC, 816 F.3d 1208, 1211 (9th Cir. 2016). "[S]tate law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." Perry v. Thomas, 482 U.S. 483, 492 n. 9, 107 S.Ct. 2520, 2527 n. 9 (1987) (emphasis in original). "A state-law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue" is preempted by the FAA. Id.

"The party seeking to enforce an arbitration agreement bears the burden of showing that the agreement exists and that its terms bind the other party." Gelow v. Cent. Pac. Mortg. Corp., 560 F.Supp.2d 972, 978 (E.D. Cal. 2008); see Sanford v. MemberWorks, Inc., 483 F.3d 956, 963 n. 9 (9th Cir. 2007) ("The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise."). Once the moving party has met this initial burden, "the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." Wynn Resorts, Ltd. v. Atl.-Pac. Capital, Inc., 497 F.App'x 740, 742 (9th Cir. 2012). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25, 103 S.Ct. at 941.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

"When evaluating a motion to compel arbitration, courts treat the facts as they would when ruling on a motion for summary judgment, construing all facts and reasonable inferences that can be drawn from those facts in a light most favorable to the non-moving party." Totten v. Kellogg Brown & Root, LLC, 2016 WL 316019, *3 (C.D. Cal. 2016); see Geoffroy v. Wash. Mut. Bank, 484 F.Supp.2d 1115, 1119 (S.D. Cal. 2007) ("Courts have employed a summary judgment approach for such hearings [on motions to compel arbitration], ruling as a matter of law where there are no genuine issues of material fact."); Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc., 925 F.2d 1136, 1141 (9th Cir. 1991) ("Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement[, and the court] should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.").

**DISCUSSION**

Borgarding admits that she signed the BAA on April 24, 2011, and again on June 2, 2011. (See Dkt. 19, Declaration of Alexandra Borgarding in Support of Plaintiff's Opposition to Defendant's Motion [] ("Borgarding Decl.") at ¶ 2). However, she argues that the court should deny the Motion because the BAA is unenforceable due to procedural and substantive unconscionability. (See Dkt. 18, Opp. at 2).

Under California law, "unconscionability has both a procedural and a substantive element, the former focusing on 'oppression' or 'surprise' due to unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results." Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal.4th 83, 114 (2000) (internal quotation marks omitted). "[P]rocedural and substantive unconscionability must both be present in order for a court to exercise its discretion to refuse to enforce a contract[, b]ut they need not be present in the same degree." Id. (internal alteration marks omitted and emphasis in original). Courts use a "sliding scale" in analyzing these two elements: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." Id. "[T]he core concern of unconscionability doctrine is the absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." Sonic-Calabasas A, Inc. v. Moreno, 57 Cal.4th 1109, 1145 (2013) (internal quotation marks omitted).

I.    PROCEDURAL UNCONSCIONABILITY.

   A.    Adhesion Contract.

Borgarding asserts that the BAA "constitutes a per se contract of adhesion[,]" (see Dkt. 18, Opp. at 4), because it was a condition of her employment. (See Dkt. 19, Borgarding Decl. at ¶¶ 2-3). According to Borgarding, she felt pressured to sign the April 24, 2011, and June 2, 2011, employment agreements, (see id. at ¶ 3), did not have a real opportunity to review them, (see id. at ¶ 9), and did not have any opportunity to negotiate their terms. (See id. at ¶¶ 9-11). An

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

adhesion contract is presented on a "take it or leave it" basis with no opportunity for an employee to negotiate its terms. See Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 922 (9th Cir. 2013). "[A] contract is procedurally unconscionable under California law if it is 'a standardized contract, drafted by the party of superior bargaining strength, that relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'" Pokorny v. Quixtar, Inc., 601 F.3d 987, 996 (9th Cir. 2010).

JPMorgan does not deny that Borgarding was required to sign the BAA as a condition of her employment. (See, generally, Dkt. 21, Reply in Support of Motion to Compel Arbitration). "It is well settled that adhesion contracts in the employment context, that is, those contracts offered to employees on a take-it-or-leave-it basis, typically contain some aspects of procedural unconscionability." Serpa v. Surety Investigations, Inc., 215 Cal.App.4th 695, 704 (2013). "Nonetheless, . . . this adhesive aspect of an agreement is not dispositive." Id. "When, as here, there is no other indication of oppression or surprise, 'the degree of procedural unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high.'" Id. (quoting Ajamian v. CantorCO2e, L.P., 203 Cal.App.4th 771, 796 (2012)).

B. Jury Trial Waiver.

Borgarding asserts, without citation to authority, that the BAA is procedurally unconscionable because it did not advise her that she was waiving her right to a jury trial. (See Dkt. 18, Opp. at 5). This assertion is unpersuasive because it is well-settled that an arbitration agreement does not need to contain an express waiver of the right to a jury trial. See Madden v. Kaiser Found. Hosps., 17 Cal.3d 699, 703 (1976) ("Persons entering into arbitration agreements know and intend that disputes arising under such agreements will be resolved by arbitration, not by juries[.]"); O'Donoghue v. Super. Ct., 219 Cal.App.4th 245, 257 (2013) ("We hold it would be anomalous to require such an express waiver [of a jury trial] in a predispute reference agreement[.]").

C. Failure to Attach AAA Rules.

The BAA makes various references to the American Arbitration Association ("AAA") Rules.[2] For instance, the BAA states that the arbitration "shall be conducted before a single neutral arbitrator of the [AAA]" and that "[t]he AAA Rules will govern issues not explicitly addressed by this

---

[2] "Under California law, parties to an agreement can incorporate the terms of another document into the agreement by reference." Appelbaum v. AutoNation Inc., 2014 WL 1396585, *8 (C.D. Cal. 2014). In addition, "[n]umerous courts have concluded that incorporation of the AAA rules by reference into an otherwise valid arbitration agreement does not render such an agreement procedurally unconscionable." Collins v. Diamond Pet Food Processors of Cal., LLC, 2013 WL 1791926, *5 (E.D. Cal. 2013) (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

Agreement."  (See Dkt. 17-3, Cox Decl. at ECF 7).  The BAA also directs the party to the AAA's website.  (See id.).

Borgarding states that "[a] copy of the arbitration rules to which [she] would be bound by the arbitration provision was never provided to [her]."  (See Dkt. 19, Borgarding Decl. at ¶ 12).  She argues that the failure to provide her with a copy of the AAA Rules[3] supports a finding of procedural unconscionability.  (See Dkt. 18, Opp. at 5-6).  To support her argument, Borgarding relies on three cases.  (See id. at 5) (citing Trivedi v. Curexo Tech. Corp., 189 Cal.App.4th 387, 393 (2010) ("Numerous cases have held that the failure to provide a copy of the arbitration rules to which the employee would be bound, supported a finding of procedural unconscionability."); Fitz v. NCR Corp., 118 Cal.App.4th 702, 722 (2004) (holding that failure to provide a copy of employer's dispute resolution policy contributed to "a high degree of oppressiveness"); Zullo v. Super. Ct., 197 Cal.App.4th 477, 485 (2011) ("The absence of the AAA [] arbitration rules adds a bit to the procedural unconscionability.")).

However, more recent decisions from the California appellate courts have found that a failure to provide a copy of the arbitration rules alone is not enough to show procedural unconscionability.  For example, in Lane v. Francis Capital Mgmt., 224 Cal.App.4th 676 (2014), the court explained that "[t]he failure to attach a copy of arbitration rules could be a factor supporting a finding of procedural unconscionability where the failure would result in surprise to the party opposing arbitration.  All of the cases relied upon by Trivedi can be analyzed under this principle."  Id. at 690.  The Lane court noted that in many of the cases relied upon by the Trivedi court, there was evidence of surprise, such as a deceptive failure to disclose a policy limiting discovery.  See id. at 690-91.  The Lane court went on to conclude that "the failure to attach a copy of the AAA rules did not render the agreement procedurally unconscionable.  There could be no surprise, as the arbitration rules referenced in the agreement were easily accessible to the parties – the AAA rules are available on the Internet."  Id. at 691; see also Bigler v. Harker Sch., 213 Cal.App.4th 727, 737 (2013) (holding that "the absence of the AAA rules" as an attachment to the arbitration agreement "is of minor significance to our analysis").  Similarly, in Fitz, the court found that an arbitration agreement incorporating the AAA Rules by reference was unconscionable only because the employer replaced the AAA's discovery provision with its own, more restrictive version.  See 118 Cal.App.4th at 721.

Borgarding has not pointed to any provisions of the BAA that would support a finding of surprise, such as a provision that departs significantly from the AAA Rules.  (See, generally, Dkt. 18, Opp.).  Absent such a showing, "the failure to attach the AAA rules, standing alone, is insufficient grounds to support a finding of procedural unconscionability."  Peng v. First Republic

---

[3] The court takes judicial notice of the AAA Employment Arbitration Rules ("AAA Rules"). See Fed. R. Evid. 201(c)(1) (the court "may take judicial notice on its own"); see also Chavarria v. Ralphs Grocer Co., 812 F.Supp.2d 1079, 1087 n. 8 (C.D. Cal. 2011), aff'd, 733 F.3d at 919 (taking judicial notice of the AAA Rules).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

Bank, 219 Cal.App.4th 1462, 1472 (2013); see also Smith v. Vmware, Inc., 2016 WL 54120, *3 (N.D. Cal. 2016) ("[T]he failure to attach a copy of the [AAA] rules did not render the Agreement procedurally unconscionable, because of the lack of surprise due to the availability of the rules online."); Fardig v. Hobby Lobby Stores, Inc., 2014 WL 2810025, *5 (C.D. Cal. 2014) (refusing to adopt "a general rule that arbitration rules must be attached to an employment agreement" because it "would place arbitration contracts on a different footing than other contracts when it comes to the doctrine of incorporation by reference").

In short, "although the [BAA] is adhesive, the agreement is not highly oppressive under the totality of the circumstances." Melez v. Kaiser Found. Hosps., Inc., 2015 WL 898455, *11 (C.D. Cal. 2015). When the only procedural unconscionability stems from the adhesive nature of an employment agreement containing the arbitration clause, "the degree of such unconscionability is minimal, which requires [plaintiff] to establish a high degree of substantive unconscionability to avoid arbitration." Collins, 2013 WL 1791926, at *6.

II.   SUBSTANTIVE UNCONSCIONABILITY.

   A.   Discovery Limitations.

Borgarding contends that the BAA improperly restricts her right to discovery by limiting her to three depositions, even though employment discrimination cases typically require four to six depositions. (See Dkt. 18, Opp. at 7). The BAA provides that, "[i]n general, the Parties may take the depositions of all expert witnesses and up to 3 other individuals." (See Dkt. 17-3, Cox Decl. at ECF 9). The BAA describes these limitations as "only guidelines [that] do not establish a minimum or maximum of discovery[.] . . . Thus, there may be cases which warrant more or less discovery than that outlined [here]." (Id.). Plaintiff also contends that the BAA contains more restrictive discovery provisions than the AAA Rules. (See Dkt. 18, Opp. at 7). Specifically, the BAA grants the arbitrator the power to resolve discovery disputes and "expand or restrict the scope of discovery within his or her reasonable discretion, and the rules of AAA consistent with the expedited nature of arbitration." (Dkt. 17-3, Cox Decl. at ECF 9). Plaintiff maintains that "discovery at the discretion of an arbitrator differs substantially from a litigant's broad discovery rights in federal or state court." (Dkt. 18, Opp. at 7). Plaintiff's contentions are unpersuasive.

The California Supreme Court has recognized that in the context of arbitration, the parties are "permitted to agree to something less than the full panoply of discovery[.]" Armendariz, 24 Cal.4th at 105 (emphasis omitted); see Dotson v. Amgen, Inc., 181 Cal.App.4th 975, 983 (2010) ("[A]rbitration is meant to be a streamlined procedure. Limitations on discovery, including the number of depositions, is one of the ways streamlining is achieved."). Here, contrary to Borgarding's assertion, (see Dkt. 18, Opp. at 6), the BAA is distinguishable from the arbitration agreement found to be unconscionable in Fitz, which permitted the arbitrator to order additional discovery only upon a showing "that a fair hearing would be impossible without additional discovery." 118 Cal.App.4th at 716 (emphasis in original). The BAA contains a significantly lower threshold for additional discovery, which the arbitrator can order at "his or her reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

discretion[.]" (Dkt. 17-3, Cox Decl. at ECF 9); see also Moule v. United Parcel Serv. Co., 2016 WL 3648961, *9 (E.D. Cal. 2016) ("Because the AAA Rules allow the arbitrator to authorize discovery . . . without a showing of either a 'substantial need' [or] 'impossib[ility]' . . . the discovery provision is not substantively unconscionable."); Melez, 2015 WL 898455, at *9 (holding discovery limitations not unconscionable because they allowed the arbitrator "to authorize further discovery 'upon a showing of good cause,' rather than a higher standard such as impossibility of a fair hearing without such discovery"). Further, Borgarding's reliance on O'Hanlon v. JPMorgan Chase Bank, N.A., 2015 WL 5884844 (C.D. Cal. 2015), does not compel a different result. (See Dkt. 18, Opp. at 6). The court in O'Hanlon found that a provision limiting discovery was substantively unconscionable largely because the provision failed to specify "what kind of law or rules the arbitrator will apply to limit [his or her] discretion[.]" See 2015 WL 5884844, at *6. Here, the BAA expressly calls for the arbitrator to exercise his or her discretion in a manner consistent with the AAA Rules. (See Dkt. 17-3, Cox Decl. at ECF 9).

Under the circumstances, the court is not persuaded that the discovery provision in the BAA is substantively unconscionable. Indeed, other courts have declined to find similar provisions unconscionable. See, e.g., Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 787 (9th Cir. 2002) (concluding discovery provisions limiting the number of depositions to three "may afford [plaintiff] adequate discovery to vindicate her claims" when the arbitrator had discretion to allow for more depositions and expand discovery); Mercuro v. Super. Ct., 96 Cal.App.4th 167, 183-84 (2002) (holding that a discovery provision providing for three depositions was not unconscionable when it was mutual and allowed for additional depositions upon a showing of "good cause" to the arbitrator).

      B.    <u>Fees and Costs</u>.

Borgarding contends that the BAA is also substantively unconscionable because it requires her to pay a $100 filing fee, (see Dkt. 17-3, Cox Decl. at ECF 8), and does not include a fee waiver for indigent employees. Borgarding's contention is unpersuasive. The BAA's $100 filing fee is substantially less than the filing fee ($435) she incurred in bringing this action in the Los Angeles County Superior Court. (See Los Angeles County Superior Court Civil Fee Schedule, available at http://www.lacourt.org/forms/pdf/fees/fee-schedule-2016.pdf.). Borgarding also overlooks the BAA provision requiring JPMorgan to "refund to [her] the difference between $100 and such state or federal court filing fee" in the event "the filing fee required by the state or federal court . . . is less than $100." (See Dkt. 17-3, Cox Decl. at ECF 8). Under this provision, if Borgarding qualified for a fee waiver in state or federal court, her filing fee there would be $0, and the BAA would require JPMorgan to refund her the full $100. (See id.); see also Ramirez-Baker v. Bezer Homes, Inc., 636 F.Supp.2d 1008, 1023-24 (E.D. Cal. 2008) (holding that a filing fee provision calling for the plaintiff "to pay the <u>lesser</u> amount between $100 and what she would be required to pay to initiate a lawsuit in state or federal court" is implicitly a waiver of filing fees for an indigent person) (emphasis in original). Given this provision, Borgarding cannot show that the $100 filing fee is substantively unconscionable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

Borgarding further contends that, in addition to the $100 filing fee, "the risk that [she] may bear substantial costs of arbitration" also renders the BAA unconscionable. (See Dkt. 18, Opp. at 8). When "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 92, 121 S.Ct. 513, 522 (2000). Yet, Borgarding has not provided any evidence to show that she will bear "substantial costs" beyond her means, nor beyond those she would incur in state or federal court. (See, generally, id.; Dkt. 19, Borgarding Decl.). In fact, the BAA requires JPMorgan to pay "[a]ll ordinary and reasonable administrative expenses of the arbitration, including fees for a single arbitrator, hearing room expenses, travel expenses of the arbitrator, the AAA representatives (if applicable), and any witnesses produced at the arbitrator's specific request[.]" (Dkt. 17-3, Cox Decl. at ECF 8). The BAA further provides that "[n]othing in this Agreement is intended or should be construed to require employees to bear any type of expense that they would not otherwise bear if the Parties were to litigate . . . in a court of law." (Id.). Finally, Rule 43 of the AAA Rules[4] provides that "[t]he AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees."

In short, "the mere risk that a plaintiff will face prohibitive costs is too speculative to justify invalidating an arbitration agreement." Chavarria, 733 F.3d at 925-26. As Borgarding has not presented any evidence showing that she cannot pay a $100 filing fee or that she will incur significant arbitration costs, the court finds that the BAA's fees and costs provisions are not substantively unconscionable.

  C. <u>Carve-Out for Injunctive Relief</u>.

Plaintiff argues that the BAA is substantively unconscionable because it contains an injunctive relief carve-out provision, which excludes "any action seeking <u>only</u> declaratory and/or emergency, temporary, or preliminary injunctive relief[.]" (Dkt. 17-3, Cox Decl. at 7; see Dkt. 18, Opp. at 8-9). California law implicitly authorizes a provision of this sort, providing that "[a] party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending . . . an application for a provisional remedy in connection with an arbitrable controversy . . . upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief." Cal. Code Civ. Proc. § 1281.8(b). When an injunctive relief carve-out provision "merely confirms, rather than expands, rights available to the parties under" California law, it does not render an arbitration agreement substantively unconscionable. See Baltazar v. Forever 21, Inc., 62 Cal.4th 1237, 1247 (2016) (upholding injunctive relief carve-out provision in arbitration agreement). While the injunctive relief carve-out in the BAA does not mirror the exact language of California Code of Civil Procedure § 1281.8, it has the same effect and does not expand the rights of either party. (See Dkt. 17-3, Cox Decl. at ECF 7). Accordingly, the

---

  [4] See Employment Arbitration Rules and Mediation Procedures, available at https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004362 (accessed July 28, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

provision is not substantively unconscionable. See Baltazar, 62 Cal.4th at 1248 ("[A]n arbitration agreement is not substantively unconscionable simply because it confirms the parties' ability to invoke undisputed statutory rights.").

Borgarding separately argues that the injunctive relief carve-out "favors [JPMorgan] and is unfairly one-sided in application[.]" (See Dkt. 18, Opp. at 9). Borgarding appears to misunderstand the BAA, arguing that "employee[] disputes involving the same facts must be arbitrated" and thus "[t]here is no countervailing protection for employees[.]" (See id.). Yet, like the arbitration agreement upheld by the Baltazar court, the BAA "makes clear that the parties mutually agree to arbitrate all employment-related claims [and] clearly covers claims an employer might bring as well as those an employee might bring." 62 Cal.4th at 1249; (see Dkt. 17-3, Cox Decl. at ECF 6) (covering "all legally protected employment related-claims . . . that I now have or in the future may have against JPMorgan Chase . . . and all legally protected employment-related claims that JPMorgan Chase has or in the future may have against me"). Similarly, the BAA's injunctive relief carve-out provision expressly applies to both parties. (See Dkt. 17-3, Cox Decl. at ECF 7) (providing that the BAA "does not cover any action" seeking only injunctive relief) (emphasis added).

The fact that the BAA's injunctive relief carve-out provision applies equally to both parties dictates against a finding of substantive unconscionability unless Borgarding can show that the end result would be "overly harsh, unduly oppressive, or unreasonably favorable" to JPMorgan. See Sanchez v. Valencia Holding Co., LLC, 61 Cal.4th 899, 911 (2015) (internal quotation marks omitted and emphasis omitted). Aside from her conclusory allegation that the provision unreasonably favors JPMorgan, (see Dkt. 18, Opp. at 9), Borgarding offers no evidence or analysis to meet her burden. (See, generally, id.). In short, because the injunctive relief carve-out applies equally to both parties, (see Dkt. 17-3, Cox Decl. at ECF 7), and "merely confirms" the parties' undisputed statutory rights, see Baltazar, 62 Cal.4th at 1247, the court finds that it is not substantively unconscionable.

D.    Unilateral Amendment Provision.

Borgarding claims the BAA's unilateral modification provision is unconscionable under Ingle v. Circuit City Stores, Inc., 328 F.3d 1165 (9th Cir. 2003), cert. denied, 540 U.S. 1160 (2004), wherein the Ninth Circuit invalidated a provision "affording Circuit City the unilateral power to terminate or modify" its arbitration policy. Id. at 1179; (see Dkt. 18, Opp. at 9). However, Ingle's holding on unilateral modification provisions no longer accurately describes California law.

In Asmus v. Pacific Bell, 23 Cal.4th 1 (2000), the California Supreme Court interpreted state contract law to allow for unilateral contract modifications provided that "the exercise of the power is subject to limitations, such as fairness and reasonable notice." Id. at 16. After Ingle was issued, the California Courts of Appeal began applying the Asmus principle to employer-employee arbitration contracts, holding that the implied covenant of good faith and fair dealing prevents employers from modifying an agreement "in such a manner as to frustrate the purpose of the

Case 2:16-cv-02485-FMO-RAO   Document 27   Filed 10/31/16   Page 11 of 14   Page ID #:275

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

contract." Serpa, 215 Cal.App.4th at 706. Even when an arbitration provision permits the employer to unilaterally alter the agreement, the covenant of good faith and fair dealing places a "fundamental limit" on the employer's ability to do so. See Serpa, 215 Cal.App.4th at 706. "The implied covenant of good faith prevents one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made. Thus, it has long been the rule that a provision in an agreement permitting one party to modify contract terms does not, standing alone, render a contract illusory because the party with that authority may not change the agreement in such a manner as to frustrate the purpose of the contract." Id.

As a result, even when "the agreement is silent as to notice," a unilateral modification provision is valid because "implied in the unilateral right to modify is the accompanying obligation to do so upon reasonable and fair notice." Serpa, 215 Cal.App.4th at 708; see Casas v. Carmax Auto Superstores Cal. LLC, 224 Cal.App.4th 1233, 1237 (2014) ("Under California law . . . even a modification clause not providing for advance notice does not render an agreement illusory, because the agreement also contains an implied covenant of good faith and fair dealing."); Peng, 219 Cal.App.4th at 1474 ("[T]he implied covenant of good faith and fair dealing limits the employer's authority to unilaterally modify the arbitration agreement and saves that agreement from being illusory and thus unconscionable.") (quoting Serpa, 216 Cal.App.4th at 708).

Despite this development in California law, some federal district courts have continued to follow Ingle's holding that unilateral modification provisions are unconscionable. See, e.g., Mohamed v. Uber Techs., Inc., 109 F.Supp.3d 1185, 1229 (N.D. Cal. 2015), rev'd in part on other grounds, 2016 WL 4651409, *7-8 (9th Cir. 2016); Ridgeway v. Nabors Completion & Prod. Servs. Co., 139 F.Supp.3d 1084, 1092 (C.D. Cal. 2015). Other courts have abandoned Ingle in favor of Serpa. See, e.g., Stover-Davis v. Aetna Life Ins. Co., 2016 WL 2756848, *5-6 (E.D. Cal. 2016); Loewen v. Lyft, Inc., 129 F.Supp.3d 945, 959 (N.D. Cal. 2015); Herrera v. CarMax Auto Superstores Cal., LLC, 2014 WL 3398363, *7-8 (C.D. Cal. 2014). The Ninth Circuit, for its part, sided with Serpa in an unpublished opinion, explaining that, under current California law, "unilateral modification provisions . . . are not substantively unconscionable because they are always subject to the limits 'imposed by the covenant of good faith and fair dealing implied in every contract.'" Ashbey v. Archstone Prop. Mgmt., Inc., 612 F.App'x 430, 432 (9th Cir. 2015) (quoting Serpa, 215 Cal.App.4th at 706).

Given the consistent trend in the California Courts of Appeal upholding unilateral modification provisions,[5] combined with the Ninth Circuit's endorsement of the same in Ashbey,

---

[5] As evidence of "contrasting California Court of Appeal holdings" on this issue, courts adhering to the Ingle rule have often cited Sparks v. Vista Del Mar Child & Family Servs., 207 Cal.App.4th 1511 (2012), abrogated by Harris v. Tap Worldwide, LLC, 248 Cal.App.4th 373 (2016), in which the Second District Court of Appeal found a unilateral modification provision to be unconscionable. See Ridgeway, 139 F.Supp.3d at 1092 (analyzing Sparks). Rather than contrasting with Serpa, however, Sparks simply failed to consider the implication of the implied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

612 F.App'x at 432, the court finds that the BAA's unilateral modification provision is not substantively unconscionable.

      E.      Confidentiality Provision.

Borgarding characterizes the BAA's confidentiality provision, (see Dkt. 17-3, Cox Decl. at ECF 8), as substantively unconscionable because it requires her to keep all information related to the arbitration process confidential. (See Dkt 18, Opp. at 10). In support, she relies on Ting v. AT&T, 319 F.3d 1126 (9th Cir.), cert. denied, 540 U.S. 811 (2003), a case where the Ninth Circuit held that a broad confidentiality provision was unconscionable because it advantaged the employer as a repeat-player and prevented the plaintiffs from obtaining information to build their case. See id. at 1151-52 ("AT&T has placed itself in a far superior legal posture by ensuring that none of its potential opponents have access to precedent while, at the same time, AT&T accumulates a wealth of knowledge on how to negotiate the terms of its own unilaterally crafted contract."). Plaintiff's reliance on Ting is misplaced.

In Kilgore, the Ninth Circuit, in an en banc decision, clarified its holding in Ting, explaining that "the enforceability of [a] confidentiality clause is a matter distinct from the enforceability of the arbitration clause in general. Plaintiffs are free to argue during arbitration that the confidentiality clause is not enforceable." 718 F.3d at 1059 n. 9. A confidentiality clause, however, does not, render the entire arbitration agreement substantively unconscionable. See id. (upholding arbitration agreement containing a confidentiality clause); Velazquez v. Sears, Roebuck and Co., 2013 WL 4525581, *5 (S.D. Cal. 2013) (declining to find substantively unconscionable an agreement requiring confidentiality except as required by law or by the consent of parties); Sanchez v. Carmax Auto Superstores Cal., LLC, 224 Cal.App.4th 398 (2014) (enforcing an arbitration agreement containing a confidentiality provision requiring "that the arbitration (including the hearing and record of the proceeding) be confidential and not open to the public unless the parties agree otherwise"); Htay Htay Chin v. Advanced Fresh Concepts Franchise Corp., 194 Cal.App.4th 704, 714 (2011) (enforcing arbitration agreement containing a confidentiality clause providing that, "except as may be required by law, no party or arbitrator(s) may disclose the existence, content or results of any arbitration hereunder without the prior written consent of both parties") (internal alteration marks omitted).

While Borgarding argues that the confidentiality provision gives JPMorgan an unfair

---

covenant of good faith and fair dealing on arbitration agreements. See John v. Hanlees Davis, Inc., 2013 WL 3458183, *5 n. 3 (E.D. Cal. 2013) (discussing the shortcomings of Sparks, and rejecting Ingle in favor of Serpa). The Second District Court of Appeal has since "reconsidered the views of the majority in Sparks" and acknowledged "California's rule that a party's modification authority is limited by the implied covenant of good faith and fair dealing." Harris, 248 Cal.App.4th at 535 ("Hence, we conclude, contrary to Sparks, the employer's right to change the Employee Handbook does not render the arbitration agreement illusory.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2485 FMO (RAOx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | Alexandra Borgarding v. JPMorgan Chase Bank | | |

advantage as a repeat-player, "[b]oth California courts and the Ninth Circuit have agreed that the risk of repeat-player advantage does not render unenforceable an arbitration agreement containing a confidentiality clause." Herrera, 2014 WL 3398363, at *10 (citing Sanchez, 224 Cal.App.4th at 408; Kilgore, 718 F.3d at 1059 n. 9). "Because confidentiality provisions are generally unobjectionable and, in any event, the enforceability of the confidentiality clause is a matter distinct from the confidentiality of the arbitration clause in general . . . the court concludes that [the confidentiality provision] does not render the [BAA] substantively unconscionable and thus unenforceable." Carmax Auto Superstores Cal. LLC v. Hernandez, 94 F.Supp.3d 1078, 1122 (C.D. Cal. 2015) (internal quotation marks omitted). Borgarding is "free to argue during arbitration that the confidentiality clause is unenforceable." Id.

Finally, even if the court were to determine that the confidentiality provision is substantively unconscionable, that does not mean the BAA would be "permeated by unconscionability[,]" Lhotka v. Geographic Expeditions, Inc., 181 Cal.App.4th 816, 826 (2010), as none of the other provisions Borgarding has objected to are substantively unconscionable. See id. (holding that an arbitration agreement must contain more than one unconscionable provision to be "permeated by unconscionability"); Herrera, 2014 WL 3398363, at *10 (holding that a "potentially unconscionable interpretation of the confidentiality provision" does not make it unenforceable).

Having found a low degree of procedural unconscionability and no indication of substantive unconscionability, the court finds that the BAA does not so "shock the conscience" as to warrant a finding that it is unenforceable. See Chavarria, 733 F.3d at 923. In short, given the strong federal policy preference in favor of arbitration, see Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25, 103 S.Ct. at 941, and the court's responsibility to "rigorously enforce agreements to arbitrate," Dean Witter Reynolds, Inc., 470 U.S. at 221, 105 S.Ct. at 1242, the court concludes that the BAA constitutes a valid agreement between the parties to arbitrate the disputes at issue in this case.

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant JPMorgan Chase Bank's Motion to Compel Arbitration **(Document No. 17)** is **granted**.

2. Defendant's Ex Parte Application for an Order Staying Discovery During the Pendency of Defendant's Motion to Compel Arbitration **(Document No. 25)** is **denied as moot**.

3. This action is **stayed** pending arbitration. The Clerk shall administratively close the case. See Dees v. Billy, 394 F.3d 1290, 1293-94 (9th Cir. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-2485 FMO (RAOx)** | Date | **October 31, 2016** |
|---|---|---|---|
| Title | **Alexandra Borgarding v. JPMorgan Chase Bank** | | |

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | vdr | |